UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

ALI-ABDULLAH SADIQ; ELLEN J. SADIQ,

              Plaintiffs,

-against-

GUY R. VITACCO JR.; HON. ENEDINA PILAR SANCHEZ, New York City Housing Court Judge; HON. CLINTON GUTHRIE, New York City Housing Court Judge; LETITIA JAMES, New York State Attorney General; ALAN SMILOWITZ; R.T.N.Y. REALTY LLC,

              Defendants.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
22-CV-1064 (RPK) (TAM)

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiffs Ali-Abdullah Sadiq and Ellen Sadiq filed this lawsuit under 42 U.S.C. § 1983. Plaintiffs' request to proceed *in forma pauperis* is granted, but their complaint is dismissed for the reasons set out below.

## BACKGROUND

Plaintiffs' complaint appears to allege that plaintiffs suffered financial injury as a result of an unlawful 2008 foreclosure proceeding in New York state court. *See* Compl. (Dkt. #1) 6–7.[1] Plaintiffs name as defendants Guy R. Vitacco, Jr., a housing court referee; Enedina Pilar Sanchez, Clinton Guthrie, and Clifton A. Nembhard, New York City Housing Court Judges; Frederick Sampson, New York Supreme Court Justice; New York Attorney General Letitia James; Melinda Katz, Queens County District Attorney; Carmencita Gutierrez and James Liander, Assistant District Attorneys; Alan Smilowitz, a member of R.T.N.Y. Realty LLC; R.T.N.Y. Realty LLC;

---

[1] Page references are to the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

1

the NYPD and its 103rd Precinct; Antonia Donohue; Jacques Jiha; James Cantanizo; and Eric Adams, Mayor of New York City.[2]

Plaintiff Ali Abdullah-Sadiq previously filed a lawsuit against Vitacco and various other defendants challenging the same foreclosure action under Section 1983 in the Southern District of New York.  The district court dismissed the complaint, holding that Abdullah-Sadiq's request for relief from the state foreclosure action judgment was barred by the *Rooker-Feldman* doctrine and that Abdullah-Sadiq had not adequately pleaded a claim for money damages under Section 1983.  *Abdullah-Sadiq v. Behringer*, No. 17-CV-270 (TPG), 2017 WL 5508478, *1–3 (S.D.N.Y. Feb. 27. 2017).

Plaintiffs now challenge the 2008 foreclosure again.  While the complaint is difficult to understand, plaintiffs appear to allege that Vitacco engaged in misconduct as a Housing Court referee, Compl. 5–7, 34; that Smilowitz and R.T.N.Y. Realty LLC "stole" plaintiffs' deed, *id*. at 34; that Judges Pilar Sanchez, Guthrie and Nembhard heard plaintiffs' underlying New York foreclosure case without jurisdiction, *id*. at 5–7; that Attorney General James conspired with others to harm plaintiffs, *id*. at 6; that the District Attorney and Assistant District Attorneys ("District Attorney Defendants") were involved in a "criminal conspiracy" against plaintiffs and provided a "misleading" response to their Freedom of Information Act request, *id*. at 12–13; that Donohue committed "mortgage theft," *id*. at 34; that Jiha and Cantanizo "lied" and committed "fraud," *ibid*.; that Mayor Adams "wouldn't investigate," *ibid*.; and that the NYPD and its 103rd Precinct "failed to investigate," *ibid*.

Plaintiffs seek to "remove [their foreclosure] matter from all NYC, NYS courts, irrespective of time limits," and request damages.  *Id.* at 7.

---

[2] Construed liberally, the *pro se* complaint names this full list of defendants.  Compl. 2–4, 32–34.

# DISCUSSION

This complaint is dismissed. The Court lacks subject matter jurisdiction over claims that challenge the 2008 state foreclosure action. And plaintiffs' remaining claims are dismissed under Section 1915.

**I. The Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Claims for Relief from the New York Foreclosure Action.**

The *Rooker-Feldman* doctrine bars plaintiffs' challenges to the 2008 foreclosure action, including plaintiffs' request that the Court "remove this matter from all NYC, NYS Courts, irrespective of time limits," as a result "of [an] illegal, unlawful foreclosure." Compl. 7. A court may dismiss an action *sua sponte* for lack of subject-matter jurisdiction. *Oscar Gruss & Son., Inc. v. Hollander*, 337 F. 3d 186, 193 (2d Cir. 2003); s*ee* Fed. R. Civ. P. 12(h)(3). And under the *Rooker-Feldman* doctrine, "federal district courts lack [subject-matter] jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644–45 (2d Cir. 2018) (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005)). For a claim to be barred under *Rooker-Feldman*, "four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Ibid*.

These principles bar plaintiffs' request that the court remove the foreclosure case from New York courts. Plaintiffs lost their foreclosure proceeding in state court, *see Behringer v. 19407 Linden, LLC*, 29 N.Y.S. 3d 816 (2d Dep't May 11, 2016), *leave to appeal denied*, 28 N.Y.3d 911 (Dec. 22, 2016); they allege that the state-court judgment caused the injuries they seek to have redressed; they seek review of the legality of the state-court judgment; and the state-court judgment

3

at issue was rendered years before this case began, *see Behringer*, 29 N.Y.S. 3d 816. Accordingly, the Court lacks subject-matter jurisdiction over plaintiffs' challenge to the 2008 foreclosure action, including plaintiffs' request that the Court "remove this matter from all NYC, NYS Courts, irrespective of time limits," as a result "of [an] illegal, unlawful foreclosure." Compl. 7.

## II. Plaintiffs' Section 1983 Claims Are Dismissed Under Section 1915.

Plaintiffs' remaining Section 1983 claims are dismissed under 28 U.S.C. § 1915(e)(2)(B). When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see* Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8). In applying this standard, a complaint filed by a *pro se* plaintiff must be "liberally construed, and . . . held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted).

### A. Attorney General James

Plaintiffs' Section 1983 claims against Attorney General James are dismissed.

Insofar as those claims are brought against James in her official capacity, they are barred by sovereign immunity. State governments may not be sued in federal courts by private parties "unless they have waived their Eleventh Amendment immunity or unless Congress" has abrogated it. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (citations and quotation marks omitted);

4

*see Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253–54 (2011). And when a private party sues a state government employee "for damages in his [or her] official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993). No waiver or abrogation of sovereign immunity has occurred here. *See Li v. Lorenzo*, 712 F. App'x 21, 22 (2d Cir. 2017). Accordingly, any claims for money damages against James in her official capacity are dismissed.

Insofar as plaintiffs' damages claims are brought against Attorney General James in her personal capacity, plaintiffs fail to state a claim under Section 1983. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citation and quotation marks omitted). Plaintiffs make only conclusory allegations of any such involvement on James's part by alleging that the Attorney General "unequivocally does not apply law equally to the people in the same situation," Compl. 14, and that she "played [a role] in this . . . assault on justice," *id.* at 29. Such "'bald assertions and conclusions of law' are insufficient to establish personal involvement." *Chambers v. Toulon*, No. 22-CV-5463 (GRB) (ARL), 2022 WL 11729696, at *3 (E.D.N.Y. Oct. 20, 2022) (quoting *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)). Plaintiffs' claims against James are dismissed.

### B. Judges Sampson, Pilar Sanchez, Guthrie, and Nembhard

Judicial immunity bars plaintiffs' claims against Judges Sampson, Pilar Sanchez, Guthrie, and Nembhard.

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). That principle applies to state court and housing court judges. *See, e.g., Wiltz v. New York Univ.*, No.

5

18-CV-00123 (GHW) (SDA), 2019 WL 721658, at *10 n.23 (S.D.N.Y. Feb. 1, 2019), *report and recommendation adopted*, 2019 WL 720700 (S.D.N.Y. Feb. 19, 2019). "There is a two-part test to determine whether . . . judge[s] may avail [themselves] of [judicial] immunity: (1) that the action be a judicial act or judicial in nature; and (2) that the judge not act in the clear absence of all jurisdiction." *Birnbaum v. Rodriguez*, No. 94-CV-5180, 1995 WL 745040, *3 (E.D.N.Y. Dec. 4, 1995) (citing *Mireless v. Waco*, 502 U.S. 9 (1991)).

Here, plaintiffs apparent attempt to challenge the judicial defendants' handling of foreclosure proceedings and related appeals challenges "act[ions] . . . related to . . . individual cases before the" judges, which "are considered judicial in nature." *Grant v. Adult Protective Serv.*, No. 22-CV-775 (PKC) (LB), 2022 WL 504409, at *5 (E.D.N.Y. Feb. 18, 2022) (quoting *Bliven*, 579 F.3d at 210) (quotation marks omitted). And plaintiffs make no colorable allegation that the judicial defendants lacked jurisdiction over those matters properly before them. Accordingly, plaintiffs' claims against those defendants are barred by judicial immunity and dismissed as frivolous under Section 1915. *See, e.g.*, *Grant*, 2022 WL 504409, at *5 (dismissing claims against a judge under Section 1915 as frivolous because of judicial immunity).

### C. R.T.N.Y. Realty LLC, Smilowitz, Donohue, Jiha, and Cantanizo

Plaintiffs' claims under Section 1983 against R.T.N.Y. Realty LLC, Smilowitz, Donohue, Jiha, and Cantanizo are dismissed under Section 1915 for failure to state a claim.

Section 1983 permits suit against any person who deprives another of "any rights, privileges, or immunities secured by the Constitution and laws." However, "[e]mbedded in our Fourteenth Amendment jurisprudence is a dichotomy between state action, which is subject to scrutiny under the Amendment's Due Process Clause, and private conduct, against which the Amendment affords no shield, no matter how unfair the conduct may be." *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988). Accordingly, "[w]hen Congress enacted

6

[Section] 1983 as the statutory remedy for violations of the Constitution, it specified that the conduct at issue must have occurred 'under color of' state law." *Ibid.* (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)); *see Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 263–64 (2d Cir. 2014). As a result, suits may be brought against private individuals "if, [and] only if," a "close nexus [exists] between the State and the challenged action." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quotation marks omitted). Here, even when plaintiffs' complaint is liberally construed considering plaintiffs' *pro se* status, *see Erickson*, 551 U.S. at 94, plaintiffs do not plausibly allege that R.T.N.Y. Realty LLC, Smilowitz, Donohue, Jiha, or Cantanizo acted under color of state law in taking any of the actions that plaintiffs challenge. Plaintiffs' Section 1983 allegations against these private defendants are accordingly dismissed under Section 1915 for failure to state a claim.

### D. Mayor Adams

Plaintiffs' Section 1983 claim against Eric Adams is also dismissed for failure to state a claim under Section 1915. Plaintiffs' only allegation against Adams is that he "wouldn't investigate." Compl. 34. But a "failure to investigate is not independently cognizable as a stand-alone claim under Section 1983." *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) (citations and internal quotation marks omitted); *see Crawford v. Iccari,* No. 1:22-CV-1469 (LTS), 2022 WL 767122, at *4 (S.D.N.Y. Mar. 14, 2022) ("Government officials generally have no federal constitutional duty to investigate"); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195–96 (1989). Plaintiffs' claim against Adams is accordingly dismissed under Section 1915 because "plaintiff has not alleged any facts from which the Court could reasonably construe a plausible Section 1983 claim against" Adams. *Davis v. NYS Off. of Child. & Fam. Servs.*, No. 20-CV-148 (JMA) (ARL), 2021 WL 1193044, at *4 (E.D.N.Y. Mar. 30, 2021).

### E. District Attorney Defendants and Vitacco

Plaintiffs' claims against the District Attorney Defendants and Guy Vitacco are dismissed under Section 1915 for failure to state a claim because plaintiffs have not pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiffs' vague allegations that the Queens County District Attorney's office has an "on-going criminal conspiracy" to "take actions against [plaintiffs]," that District Attorney Katz knows of this conspiracy, and that the District Attorney's office sent plaintiffs "misleading" information in response to plaintiffs' FOIA request because the information "had the wrong date on it," Compl. 12–13, do not set out "factual content that allows the court to draw the reasonable inference that the defendant is liable" for a violation of Section 1983, *Iqbal*, 556 U.S. at 678. Similarly, plaintiffs' allegation that Vitacco "registered, and recorded[] a [m]echanic's [l]ien" that plaintiff suggests was false or fraudulent, Compl. 10-11, do not—without more—plead a claim for a constitutional violation that is plausible on its face. Accordingly, these claims are dismissed for failure to state a claim under Section 1915.

### F. The NYPD and the 103rd Precinct

Plaintiffs' claims against the NYPD and its 103rd Precinct are dismissed for failing to state a claim under Section 1915 because those defendants are non-suable entities. "Under New York Law, '[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law.'" *Johnson v. New York City Police Dep't*, 651 F. App'x 58, 60 (2d Cir. 2016) (citing N.Y.C. Charter Ch. 17). Because the NYPD and its precincts are not suable entities, plaintiffs' claims against the 103rd Precinct are dismissed because they fail to state a claim for relief. *See, e.g., Mehmeti v. Brown,* No. 20-CV-1493 (MKB), 2020 WL 4350248, at *2

8

(E.D.N.Y. July 29, 2020) (dismissing claim against the NYPD under Section 1915 for failure to state a claim).

## CONCLUSION

Plaintiffs' claims are dismissed without prejudice. Plaintiffs may file an amended complaint within thirty days of this Memorandum and Order correcting the deficiencies identified herein. All proceedings in this case are stayed for thirty days. If plaintiffs fail to file an amended complaint, the case will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to plaintiffs.

Plaintiffs are advised that the Federal *Pro Se* Legal Assistance Project offers a free service that provides legal counseling. The project is run by the City Bar Justice Center of the New York City Bar Association. Plaintiffs may contact the project at (212) 382-4729.

SO ORDERED.

                                             /s/ Rachel Kovner
                                             RACHEL P. KOVNER
                                             United States District Judge

Dated:        November 23, 2022
                Brooklyn, New York